**KEY PUBLICATIONS, INC.,**
**Plaintiff–Appellee,**

v.

**CHINATOWN TODAY PUBLISHING ENTERPRISES, INC., Galore Enterprises, Inc., Cyprus Development, Inc. and Ma Kam Yee, Defendants,**

**Galore Enterprises, Inc. and Ma Kam Yee, Defendants–Appellants.**

**No. 1681, Docket 91–7235.**

United States Court of Appeals, Second Circuit.

Argued July 24, 1991.

Decided Sept. 23, 1991.

As Amended Oct. 1, 1991.

510

Dianan Jia, New York City (Yuen & Yuen, of counsel), for defendants-appellants.

Amy B. Goldsmith, New York City (Gottlieb, Rackman & Reisman, of counsel), for plaintiff-appellee.

Before WINTER, ALTIMARI and MAHONEY, Circuit Judges.

WINTER, Circuit Judge:

This appeal concerns the scope of copyright protection provided a classified telephone directory published by appellee Key Publications, Inc. ("Key"). Appellants Galore Enterprises, Inc. and Ma Kam Yee ("Galore" and "Ma"), appeal from Judge Ward's holding that their publication, the

1990 Chinese American–Life Guide ("Galore Directory"), infringed Key's copyright in the 1989–90 Chinese Business Guide & Directory ("1989–90 Key Directory"). We hold that the 1989–90 Key Directory is subject to copyright protection, but that the Galore Directory does not infringe Key's copyright. We therefore reverse.

## BACKGROUND

Since 1984, Key has published an annual classified business directory for New York City's Chinese–American community. Each directory consists of a white pages section and a yellow pages section. The white pages include maps, articles, and information about government and private services printed in both English and Chinese. Accounting for approximately two-thirds of each directory, the yellow pages contain telephone numbers and addresses for numerous businesses located in Chinatown, and more recently, businesses located in other parts of the New York metropolitan area, Boston, and Philadelphia. Key has registered each of its six directories with the United States Copyright Office.

This appeal specifically concerns the yellow pages listings contained in the 1989–90 Key Directory. Key's president, Lynn Wang, is responsible for assembling the Key directories. Beginning in 1983, Ms. Wang collected business cards from doctors and lawyers associated with the Chinese–American community, banks that did business in the Chinese–American community, and other establishments she thought ought to be included in the yellow pages section of the Directory. Additionally, a "modest percentage," in the words of the district court, of the listings in the 1984 Key Directory were copied from another compilation, the 1981 Chinese American Restaurant Directory ("Restaurant Directory"). Some of the copied listings were presumably included in later directories, including the 1989–90 Key Directory. The information collected in the 1989–90 Key Directory was sorted by type of business; each listing is placed in one of over 260 different categories; and each of the approximately 9000 listings consists of an English and a Chinese name, an address, and a telephone number. About 15,000 copies of the 1989–90 Key Directory have been distributed to businesses and individuals in the New York Chinese–American community.

Ma is a fifty-percent stockholder of Galore, which in 1990 published the Galore Directory, also a classified directory for the New York Chinese–American Community. The yellow pages of the Galore Directory contain approximately 2000 listings divided among twenty-eight different categories. Like the 1989–90 Key Directory, business establishments of interest to the New York Chinese–American community are listed in the Galore Directory. About seventy-five percent, or 1500, of the businesses listed in the Galore Directory are also listed in the 1989–90 Key Directory.

On April 4, 1990, Key brought suit against Ma and Chinatown Today Publishing Enterprises, Inc. (the publisher of the Galore Directory and solely owned by Ma), charging that the Galore Directory infringed Key's copyright in the 1989–90 Key Directory, and seeking injunctive relief, damages, and attorney's fees. On October 30, 1990, after six months of discovery, Key requested leave to amend its complaint to add two new defendants, Galore and Cyprus Development, Inc. (a corporation in which Ma is a fifty-percent stockholder). This motion was granted on November 30, 1990. In the meantime, on November 21, 1990, Key moved for a preliminary injunction to prevent then-defendants Chinatown Today and Ma from printing and distributing the 1991 version of the Galore Directory, which was similar to the allegedly infringing 1990 Galore Directory. Upon agreement of the parties, this motion was consolidated with a trial on the merits.

At the conclusion of the bench trial, Judge Ward rendered an oral decision finding that the Galore Directory infringed Key's copyright in the 1989–90 Key Directory. On February 11, 1991, the district court dismissed the complaint against Chinatown Today and Cyprus Development, and awarded Key statutory damages

against the remaining defendants, Galore and Ma, in the amount of $15,000, pursuant to 17 U.S.C. § 504(c)(2) (1988), and full costs and attorney's fees, pursuant to 17 U.S.C. § 505 (1988). Additionally, Judge Ward permanently enjoined Galore and Ma from further infringement of Key's copyright, pursuant to 17 U.S.C. § 502(a) (1988), and ordered all copies of the 1990 Galore Directory, as well as all documents and printing plates relating to the listings section of that directory, delivered to the court for destruction, pursuant to 17 U.S.C. § 503(b) (1988). Because full relief could be granted on the finding of infringement of the 1989–90 Key Directory, he found it unnecessary to address the infringement claims regarding early Key Directories.

## DISCUSSION

We address two questions on this appeal. First, did the district court correctly conclude that the 1989–90 Key Directory is entitled to a copyright? And, if so, does the Galore Directory infringe that copyright? We answer the first in the affirmative, the second in the negative.

### 1. *Copyrightability*

■ The 1989–90 Key Directory is a factual compilation—a selection of business names, addresses, and phone numbers, separated into descriptive categories, *e.g.*, "ART SUPPLIES."

Facts, without more, are not copyrightable. 17 U.S.C. § 102(b) (1988) ("[i]n no case does copyright protection for an original work of authorship extend to any ... discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work"). *See Feist Publications, Inc. v. Rural Tel. Serv. Co.*, — U.S. ——, 111 S.Ct. 1282, 1288, 1293, 113 L.Ed.2d 358 (1991) ("[Section] 102(b) is universally understood to prohibit any copyright in facts."); *Financial Info., Inc. v. Moody's Investors Serv., Inc.*, 808 F.2d 204, 207 (2d Cir.1986), *cert. denied*, 484 U.S. 820, 108 S.Ct. 79, 98 L.Ed.2d 42 (1987). Factual compilations, however, may be copyrighted. 17 U.S.C. §§ 102, 103 (1988). *See, e.g.*, *Feist*, 111 S.Ct. at 1289; *Harper*

*& Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 547, 105 S.Ct. 2218, 2224, 85 L.Ed.2d 588 (1985). Some view these two principles as a paradox in that a compilation comprised of facts not entitled by themselves to copyright protection may support a valid copyright. *See Feist*, 111 S.Ct. at 1287 (observing that "[t]here is an undeniable tension between these two propositions"); *Financial Info., Inc. v. Moody's Investors Serv., Inc.*, 751 F.2d 501, 505 (2d Cir.1984) ("the law of copyrights defies the laws of logic ... since it 'affords to the summation of one hundred or one million [individual facts and their unadorned expression] a significant measure of protection' while affording none to the facts themselves") (quoting Robert C. Denicola, *Copyright in Collections of Facts: A Theory for the Protection of Nonfiction Literary Works*, 81 Colum.L.Rev. 516, 527 (1981)).

■ Paradox or no, Section 101 of the Copyright Act of 1976, Pub.L. No. 94–553, 90 Stat. 2544, defines a copyrightable compilation as "a work formed by the collection and assembling of preexisting materials or of data that are selected, coordinated, or arranged in such a way that the resulting work as a whole constitutes an original work of authorship." 17 U.S.C. § 101 (1988). This language suggests three requirements for a compilation to qualify for copyright protection: (1) the collection and assembly of preexisting data; (2) the selection, coordination, or arrangement of that data; and (3) a resulting work that is original, by virtue of the selection, coordination, or arrangement of the data contained in the work. *See Feist*, 111 S.Ct. at 1293. There is thus more to a copyrightable compilation than the simple collection of uncopyrightable facts. Such a compilation must "feature[ ] an original selection or arrangement of [those] facts." *Id.* at 1290.

■ This requirement of originality, a prerequisite to any valid copyright, *see* 17 U.S.C. § 102(a) (1988) ("[c]opyright protection subsists ... in original works of authorship"), is not particularly rigorous. Simply stated, original means not copied, and exhibiting a minimal amount of creativ-

ity. *See* 1 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright*, § 2.01 (1991). In practice, the requirement of originality has become " 'little more than a prohibition of actual copying.' " Denicola, *supra* at 520–21 (quoting *Alfred Bell & Co. v. Catalda Fine Arts, Inc.*, 191 F.2d 99, 103 (2d Cir.1951)); *see also Feist*, 111 S.Ct. at 1287. Moreover, for purposes of copyright, originality is not synonymous with novelty. Similarity to prior works will not, in and of itself, affect the validity of a particular work's copyright. 1 Nimmer & Nimmer, *supra*, at § 2.01[B].

Because every compilation, by definition, satisfies the first requirement of a collection of data, whether the 1989–90 Key Directory can be copyrighted will necessarily turn upon the second and third requirements. *See Feist*, 111 S.Ct. at 1294. Thus, only if the selection, coordination, or arrangement of listings in the directory is sufficiently original or creative will the directory be entitled to a copyright.

Selection implies the exercise of judgment in choosing which facts from a given body of data to include in a compilation. *See* William Patry, *Copyright in Compilations of Facts (or Why the "White Pages" are not Copyrightable)*, 12 Comm. & L.Dec.1990, at 57; *see also Eckes v. Card Prices Update*, 736 F.2d 859, 862–63 (2d Cir.1984) (selectivity exercised in choosing 5000 "premium" cards from among 18,000 baseball cards). In assembling the directory, Ms. Wang had to select from a multitude of businesses in New York and elsewhere those of greatest interest to her audience—the New York City Chinese-American community.

While Galore and Ma argue that Ms. Wang "slavishly" included every business about which she had information in the Key Directory, the district court held that there was adequate originality in her selection to entitle the directory to copyright protection. The record supports that conclusion. Ms. Wang testified that she excluded from the directory those businesses she did not think would remain open for very long, such as certain insurance brokers, take-out restaurants, and traditional Chinese medical practitioners. This testimony alone indicates thought and creativity in the selection of businesses included in the 1989–90 Key Directory. *See Roy Export Co. Establishment of Vaduz, Liechtenstein v. Columbia Broadcasting Sys., Inc.*, 672 F.2d 1095, 1103 (2d Cir.) (protection is available for "skill and creativity in selecting and assembling an original arrangement ... even if no new material is added"), *cert. denied*, 459 U.S. 826, 103 S.Ct. 60, 74 L.Ed.2d 63 (1982); *Dow Jones & Co. v. Board of Trade*, 546 F.Supp. 113, 116 (S.D.N.Y.1982) (selection, as evidenced by determination of which stocks to include in a compilation, is protectable expression).

Galore and Ma, however, note the evidence that some of the listings included in the 1984 Key Directory (and later Key Directories) had been printed in a prior classified directory, the Restaurant Directory. They argue that the existence of such evidence should preclude a finding of originality in the selection of businesses for inclusion in the 1989–90 Key Directory. We disagree. Although the district judge found some overlap between the restaurant listings in the 1984 Key Directory and the Restaurant Directory, he concluded that, on the whole, the two directories differed substantially. The Restaurant Directory mainly lists restaurants; the scope of the 1984 Key Directory was significantly broader. And the 1989–90 Key Directory, which copied listings contained in the 1984 Key Directory, is itself considerably larger than the 1984 directory. It follows that the selection contained in the 1989–90 Key Directory was not copied wholesale from the Restaurant Directory. We therefore conclude that the Key Directory contains an original selection of businesses in its classified listings.

In addition, the arrangement of the Key Directory is original within the meaning of the copyright laws. Arrangement "refers to the ordering or grouping of data into lists or categories that go beyond the mere mechanical grouping of data as such, for example, the alphabetical, chronological, or sequential listings of data." Copyright Office, *Guidelines for Registration of Fact-Based Compilations* 1 (Rev. Oct. 11, 1989),

*quoted in* Patry, *supra,* at 60. The 1989–90 Key Directory contains over 9000 listings divided among approximately 260 different categories. The format of the Key Directory is common to most classified directories, and particular categories have, of course, been used in other classified directories, *e.g.,* "ACCOUNTANTS," "BRIDAL SHOPS," and "SHOE STORES." Nevertheless, some of the categories are of particular interest to the Chinese–American community and not common to yellow pages, *e.g.,* "BEAN CURD & BEAN SPROUT SHOPS." And there is no evidence that the arrangement and designation of categories was copied from, or is substantially similar to, another directory. The lack of novelty is, as noted, not a bar to copyright protection.

Moreover, the individual categories chosen are irrelevant to our inquiry. Rather, we are concerned with whether the arrangement of the Key Directory, viewed in the aggregate, is original. We believe it is. The arrangement is in no sense mechanical, but involved creativity on the part of Ms. Wang in deciding which categories to include and under what name. *Cf. Feist,* 111 S.Ct. at 1297 (finding that "there is nothing remotely creative about arranging names alphabetically in a white pages directory. It is an age-old practice, firmly rooted in tradition and so commonplace that it has come to be expected as a matter of course."). This task entailed the de minimis thought needed to withstand the originality requirement.

In sum, we agree with the district court that Key's copyright in the 1989–90 Key Directory is valid.

## 2. *Infringement*

■ There are two elements to every claim of copyright infringement: (1) possession of a valid copyright, and (2) copying of those elements of the work that are copyrightable. *Feist,* 111 S.Ct. at 1296. As discussed above, the first element is satisfied here, and thus the question of infringement turns on the second element.

■ Whether a compilation has been infringed requires a somewhat more refined analysis than is applied in a case involving a wholly original work. The individual components of a compilation are generally within the public domain and thus available for copying. Indeed, one might interpret *Feist* to permit a finding of infringement only when a subsequent compiler produces an exact replica of a copyrighted compilation, 111 S.Ct. at 1289 (no infringement absent the "same selection and arrangement" of facts).

We have not read *Feist* in such a broad and self-defeating fashion. *See Kregos v. Associated Press,* 937 F.2d 700, 703–04 (2d Cir.1991) (requiring minimal level of creativity as well as independent selection and arrangement for compilation to enjoy copyright entitlement). Such a reading of *Feist* would allow subsequent compilers to avoid infringement suits simply by adding a single fact to a verbatim copy of the copyrighted compilation, or omitting in the copy a single fact contained in the copyrighted compilation. *See Harper & Row Publishers,* 471 U.S. at 583 n. 5, 105 S.Ct. at 2242 n. 5 (Brennan, J., dissenting). Such a result would render the copyright of a compilation meaningless. While, as the Court pointed out in *Feist,* the "copyright in a factual compilation is thin," 111 S.Ct. at 1289, we do not believe it is anorexic.

■ Although the test for infringement of original works and compilations is one of "substantial similarity," *see, e.g., Business Trends Analysts, Inc. v. Freedonia Group, Inc.,* 887 F.2d 399, 402 (2d Cir. 1989); *Eckes,* 736 F.2d at 863, the appropriate inquiry is narrowed in the case of a compilation. As noted, the components of a compilation are generally in the public domain, and a finding of substantial similarity or even absolute identity as to matters in the public domain will not suffice to prove infringement. What must be shown is substantial similarity between those elements, and only those elements, that provide copyrightability to the allegedly infringed compilation. *See Kregos,* 937 F.2d at 709 (author of compilation "entitled to protection only against infringement of the protectable features of his form").

Broader protection would necessarily preclude competitors from using elements in the public domain and impede rather than encourage originality and creativity in future compilations. Broader protection would thus thwart the underlying goals of copyright protection. This limitation is codified in Section 103 of the Copyright Act, which provides that "[t]he copyright in a compilation ... extends only to the material contributed by the author of such work, as distinguished from the preexisting material." 17 U.S.C. § 103(b) (1988).

■ Our discussion of the copyrightability of the 1989–90 Key Directory thus provides the framework for our analysis of the claim of infringement. The elements that afford copyrightability to the 1989–90 Key Directory are, first, the arrangement of over 260 categories under which businesses are catalogued and, second, the selection of the 9000 businesses so categorized. If the Galore Directory is substantially similar to the 1989–90 Key Directory with regard to that arrangement of categories or that selection of businesses, then a finding of infringement can be supported. If it is not, then the Galore Directory has merely appropriated elements in the public domain. *See Business Trends*, 887 F.2d at 402; *see generally* 3 Nimmer & Nimmer, *supra*, at § 13.03.

With regard to the arrangement of listings in the Galore Directory, it can hardly be described as even remotely similar to the arrangement utilized by the 1989–90 Key Directory. The Galore Directory contains only twenty-eight different categories, set out in APPENDIX A. The 1989–90 Key Directory contains over 260 different categories, set out in APPENDIX B. Not only is the magnitude of the difference in the number of categories enormous, but only three of the twenty-eight categories in the Galore Directory duplicate categories in the 1989–90 Key Directory. A facial examination thus readily reveals great dissimilarity.

Of course, many of the duplicated listings are contained in similar categories in both directories (*e.g.*, William King Ng is listed in the "attorneys and accountants"

category of the Galore Directory, and in the "attorney and law offices" category of the 1989–90 Key Directory) but this does not alter our conclusion of dissimilarity. The arrangement of categories in a classified directory is to be distinguished from the placement of a listing in a particular category. Placing listings within categories is the sort of mechanical task that does not merit copyright protection. We thus find that, as a matter of law, the arrangement of categories in the Galore Directory is not substantially similar to the arrangement of the categories in the 1989–90 Key Directory. *Cf. Bellsouth Advertising & Publishing Corp. v. Donnelly Info. Publishing, Inc.*, 933 F.2d 952, 958–60 (11th Cir.1991) (finding infringement of a copyrighted yellow pages directory where the infringing directory "substantially appropriated" the overall format of the copyrighted directory).

Of course, as noted *supra*, infringement may also be found if there is a substantial similarity in the selection of businesses listed in the two publications. The district court found that seventy-five percent of the 2000 listings, 1500 listings, included in the Galore Directory duplicated listings contained in the 1989–90 Key Directory. The district court also found that the 1500 duplicate listings resulted from deliberate copying by Galore and Ma.

However, the 1989–90 Key Directory contains over 9000 listings. Thus, just seventeen percent (1500/9000) of the listings in the 1989–90 Key Directory were also printed in the Galore Directory. Moreover, the listings copied do not come primarily from any particular portion of the 1989–90 Key Directory; no category of the 1989–90 Key Directory containing more than a few entries is duplicated in total in the Galore Directory. For example, of the 124 accountants listed in the 1989–90 Key Directory, only forty-two are also listed in the Galore Directory. Finally, at least twenty-five percent of the listings in the Galore Directory are not in the 1989–90 Key Directory.

We conclude that, as a matter of law, the Galore Directory does not infringe the

1989–90 Key Directory. There are a finite number of businesses that are of special interest to a sizeable segment of the New York Chinese–American community, and some substantial overlap among classified business directories compiled for that community is inevitable. The key issue is not whether there is overlap or copying but whether the organizing principle guiding the selection of businesses for the two publications is in fact substantially similar. Having prevailed on the argument that its selection of businesses for the 1989–90 Key Directory was original and creative and thus entitled to copyright protection notwithstanding some duplication with the earlier Restaurant Directory, Key is in no position to extend the scope of its copyright to protect itself from later works that embody significantly different principles of selection.

The selection of businesses for the Galore Directory is significantly different from the 1989–90 Key Directory. The Galore Directory does not contain 7500 of the 9000 listings in the Key Directory. No substantial categories and their listings have been taken wholesale from the Key Directory. More than 500 listings in the Galore Directory are not in the Key Directory. The organizing principles of the two directories are thus not substantially similar. Indeed, any consumer faced with the two directories would instantly realize that they are quite different.

To hold otherwise would bring back long discarded notions of copyright law. Twenty-five years ago we abandoned the "sweat of the brow" doctrine, which rewarded compilers for their efforts in collecting facts with a de facto copyright to those facts. *Rosemont Enters., Inc. v. Random House, Inc.*, 366 F.2d 303, 309–10 (2d Cir. 1966) (rejecting the view that "an author is absolutely precluded from saving time and effort by referring to and relying upon prior published material"), *cert. denied,* 385 U.S. 1009, 87 S.Ct. 714, 17 L.Ed.2d 546 (1967); *see Hoehling v. Universal City Studios, Inc.*, 618 F.2d 972, 979 (2d Cir.), *cert. denied*, 449 U.S. 841, 101 S.Ct. 121, 66 L.Ed.2d 49 (1980); *see also Feist*, 111 S.Ct. at 1291–93 ("The 'sweat of the brow' doctrine had numerous flaws, the most glaring being that it extended copyright protection in a compilation beyond selection and arrangement—the compiler's original contributions—to the facts themselves.").

■ Because the principles of selection determining the listings in the two directories in the instant matter are quite different, a finding of infringement would essentially be granting Key a copyright monopoly on the use of each name and address listed in the 1989–90 Key Directory. Nor does the fact that Galore and Ma may have copied the names and addresses it selected from the 1989–90 Key Directory support a finding of infringement so long as the principles guiding that selection differ from those of the copied work. Compilers operating under different principles of selection are not obligated to repeat factual research already undertaken and completed by others. *See Feist*, 111 S.Ct. at 1289 ("Notwithstanding a valid copyright, a subsequent compiler remains free to use the facts contained in another's publication to aid in preparing a competing work, so long as the competing work does not feature the same selection and arrangement."). For example, an author seeking to publish a compilation of important dates or events of the 1940's would be permitted to copy facts recorded in an earlier compilation of important dates or events of World War II. As *Rosemont Enterprises* stated, "It is just such wasted effort that the proscription against the copyright of ideas and facts ... [is] designed to prevent." 366 F.2d at 310.

*Eckes v. Card Prices Update*, 736 F.2d 859 (2d Cir.1984), nicely illustrates the rule. In that case, we held that a guide to baseball cards infringed a previously published guide, even though the copyrighted guide listed over 18,000 cards and the infringing guide listed only 5000 cards. Essential to our finding of infringement was the fact that the 5000 listings duplicated in the infringing guide were the same 5000 designated as "premium" cards by the copyrighted guide. *Id.* at 863. The copyrighted guide selected within the 18,000 a designated group of 5000 that it described as "premium" cards. The infringing guide

then copied that portion wholesale based upon the same principle of selection. If the Galore Directory had exactly duplicated a substantial designated portion of the 1989–90 Key Directory—for example, all its listings of professionals such as medical doctors, lawyers, accountants, engineers and architects, an infringement action would succeed. However, there is no claim that such duplication occurred here.

The district court found it unnecessary to decide whether the Galore Directory infringed prior copyrighted Key Directories because full relief would follow from infringement of the 1989–90 Key Directory. For different reasons, we need address those questions only briefly. Key does not suggest that either the arrangement of categories or selection of businesses in the Galore Directory is more similar to those in prior Key Directories than it is to the 1989–90 Key Directory. Our prior discussion thus suffices to dispose of Key's infringement claims regarding prior directories.

Reversed.

APPENDIX A

# 華人工商電話目錄

銀行業與金融財務 BANKS & FINANCIAL INSTITUTIONS ......151—155
投資企業貿易公司 INVESTMENT/TRADING COMPANY ......156—158
宗教文化敎育社團 RELIGION, CULTURAL, EDUCATION ......159—165
廣告印刷出版傳播 ADVERTISING/PRINTING/PUBLISHING & COMMUNICATION ......166—172
律師與會計事務所 ATTORNEYS & ACCOUNTANTS ......173—179
保險與房地產公司 INSURANCE & REAL ESTATES ......180—188
建築裝璜裝修材料 ARCHITECTURE & CONSTRUCTION ......189—195
中醫與針灸診療所 HERBALISTS & ACUPUNCTURE ......196—204
西藥房與中藥参茸 DRUG STORE/HERBAL STORE ......205—206
西醫及牙醫診療所 PHYSICIAN & DENTIST ......207—218
華埠餐館及供應商 RESTAURANT & SUPPLIES ......219—224
百貨食品市場店行 MALLS/FOOD MARKET ......225—236
華埠製衣業供應商 CHINATOWN SEWING FACTORIES & SUPPLIES ......237
美容髮廊健美中心 BEAUTY SALON CENTER ......238—243
時裝禮洋服鞋布皮 BOUTIQUES/SHOES/HAND BAGS ......244—246
禮品傢俱裝飾精品 GIFT/FURNITURE ......247
珠寶金玉鐘錶眼鏡 GOLD & JEWELRY/GLASSES/CLOCK ......248—251
兒嬰用品玩具中心 BABY SUPPLIES & TOYS ......252
工藝美術古玩國術 CRAFT/ART & ANTIQUE ......253—254
旅行社與航空公司 TRAVEL AGENCIES/AIRLINES ......255—258
娛樂消遣影視服務 ENTERTAINMENTS/VIDEO RENTAL ......259—261
圖書雜誌文具唱片 BOOKS/MAGAZINE/STATIONERY AND RECORD ......262—264
攝影沖晒婚宴錄影 PHOTO & VIDEO SERVICE ......265—266
海空航運搬運報關 TRANSPORTATION/DELIVERY & BROKER ......267
華埠殯儀館與花店 FUNERAL & FLORISTS ......268
五金電器電腦傳呼 HARDWARE/ELECTRICAL/COMPUTER/TELEPAGE ......269—274
汽車經銷修理配件 AUTOMOBILE SERVICE ......275—279
華埠其他服務行業 CHINATOWN OTHER SERVICES ......280—284

APPENDIX B

# 分類索引　INDEX CLASSIFIED

## (alphabetical order)（依英文字母順序排列）

**A**

書計師
ACCOUNTANTS .......................... 122

針灸・中醫
ACUPUNCTURE & HERBALISTS .............. 128

推拿
. ACUPRESSURE ......................... 130

跌打
. CHINESE ORTHOPEDICS ................. 131

痔瘡
. HEMORRHOLD ......................... 131

廣告設計／代理
ADVERTISING DESIGN / AGENCIES ......... 131

空運快郵服務
AIR CARGO / EXPRESS PACKAGE SER. ...... 132

冷暖氣工程
AIR CONDITIONING & HEATING ........... 133

航空公司
AIRLINES ............................. 136

安全系統
ALARM SYSTEMS ........................ 139

古玩店
ANTIQUE SHOPS ........................ 140

建築師
ARCHITECTS ........................... 140

藝術手工藝品店
ART & CRAFT SHOPS .................... 142

畫具供應店
ART SUPPLIES ......................... 142

社團
ASSOCIATIONS

公所
ASSOCIATION .......................... 142

工商會
. BUSINESS & LABOR ASSOCIATION ........ 143

俱樂部／別墅
. CLUBS ............................... 143

同鄉會・宗親會・公房・堂
. COUNTY CLUBS ........................ 143

社團・文化藝術協會
. SOCIAL & CULTURAL ASSOCIATION ....... 145

同學會
. STUDENT ASSOCIATION ................. 145

律師事務所
ATTORNEY & LAW OFFICES ............... 147

汽車代理
AUTO DEALERS ......................... 15

汽車玻璃和裝潢
AUTO GLASS & DECORATION .............. 150

汽車租賃
AUTO LEASINGS ........................ 150

汽車修理・零件
AUTO MECHANIC & PARTS ................ 151

輪胎代理
AUTO TIRE DEALERS .................... 151

施車服務
AUTO TOWING SERVICES ................. 155

遮篷
AWNING & CANOPIES .................... 155

**B**

嬰兒用品
BABY SUPPLIES ........................ 155

您想成為傑出的企業家嗎？
您想提昇公司的形象嗎？

——本公司（ Leadership Management Inc. ）創辦於 1960 年，在美國已有28年歷史，
L.M.I的足跡遍於世界各地，深受工商界朋友的歡迎。

——我們的企劃提供工商界如何善用時間達成目標。

——我們的企劃提供個人、工商業分析選擇最正確的行政管運、管理方針。

——我們更有一套最新電腦系統：

「1.能幫助個人分析選擇最適合自己性向的經營職業，早日到達成功的目標，
2.能幫助大公司、團體機構，聘用最適當的員工、人才。

——美國才智激勵公司能助您開拓財源、提昇形象、企業昇華、其樂收爲。

歡迎來電詢問
本公司有
專人輔導

美國才智激勵公司 **L. M. T. I**
Tel:(718)939-0328

**分類索引 INDEX**

中西餅店
BAKER SHOPS .......................... 165

銀行
BANKS ................................ 168

燒臘店
BARBECUE MEAT SHOPS .................. 177

理髮店
BARBER SHOPS ......................... 178

豆腐豆芽店
BEAN CURD & BEAN SPROUT SHOPS ........ 179

美容院
BEAUTY SALONS ........................ 179

美容學院
BEAUTY SCHOOLS ....................... 184

美容用品
BEAUTY SUPPLY ........................ 184

牛肉乾店
BEEF (DRIED) SHOPS ................... 184

飲料供應公司
BEVERAGES SUPPLIES ................... 184

腳踏車店
BICYCLE STORES ....................... 184

書籍文具店
BOOK STORES & STATIONERY ............. 184

時裝店
BOUTIQUE SHOPS ....................... 186

保齡球場
BOWLINGS ............................. 187

新娘禮服店
BRIDAL SHOPS ......................... 187

廣播・電視台
BROADCASTING, TV, RADIO .............. 189

廈宇樓宇管理處
BUILDING MANAGEMENT .................. 189

巴士服務
BUS SERVICES ......................... 191

**C**

租車公司
CAR RENTAL ........................... 191

汽車服務
CAR SERVICES ......................... 192

職業訓練學校
CAREER TRAINING SCHOOLS .............. 411

地毯公司
CARPET STORES ........................ 192

收銀機
CASH REGISTER ........................ 194

賭場
CASINO ............................... 194

代辦喜慶宴會
CATERING ............................. 195

磁器
CHINAWARE ............................ 195

教會
CHURCHES ............................ 195

煙草專賣店
CIGAR, CIGARETTE & TABACCO ........... 197

遊覽旅行
CIRCLE LINES ......................... 1??

清潔服務
CLEANING SERVICES ...................

診療所
CLINIC CENTER .......................

申請移民指定體檢處
CLINIC EXAM. ......................... 199

服裝店
CLOTHING STORES ...................... 200

電腦服務
COMPUTER SERVICES .................... 20?

建築材料
CONSTRUCTION MATERIAL ................ 20?

建築裝修公司
CONSTRUCTION COMPANY ................. 20?

諮詢服務
CONSULTANT COMPANY ................... 21?

影印機代理
COPY MACHINE DEALERS ................. 21?

複印中心
COPYING CENTER ....................... 21?

化粧品・香水店
COSMETICS & PERFUMES STORES .......... 21?

洋服店
CUSTOM TAILORS ....................... 21?

報關行
CUSTOMS BROKERS ...................... 21?

**D**

舞蹈中心
DANCING CENTER ....................... 21?

牙醫
DENTISTS ............................. 21?

百貨商店
DEPARTMENT STORES .................... 224

窗簾公司
DRAPERIES & CURTAINS ................. 225

駕駛學校
DRIVING SCHOOLS ...................... 225

西藥房
DRUG STORES (PHARMACY) ............... 22?

**E**

教育組織
EDUCATIONAL DEPARTMENTS .............. 22?

電器行
ELECTRIC APPLIANCES .................. 22?

電話工程・修理
ELECTRIC REPAIRS ..................... 230

刺繡絲綢
EMBROIDERY, FABRIC & SILK ........... 231

職業介紹所
EMPLOYMENT AGENCIES .................. 232

娛樂製作公司
ENTERTAINMENT & SHOW AGENCIES ........ 234

投毒公司
EXTERMINATING COMPANY ................ 234

**F**

布料店
FABRIC STORES ....................... 234

時裝設計學院
FASHION SCHOOLS ..................... 234

財務貸款・投資服務
FINANCIAL SERVICES (MORTGAGES) ....... 234

釣魚遊船
FISHING BOATS ...................... 237

防火工程
FIRE PREVENTION SERVICES ............ 237

花店
FLORISTS ........................... 237

食品店及批發
FOOD PRODUCTS & WHOLESALERS .......... 239

命相及手相
FORTUNE TELLERS & PALM READING ....... 254

鮮果蔬菜店
FRUITS & VEGETABLES STORES .......... 251

燃油公司
FUEL COMPANIES ...................... 252

殯儀館
FUNERAL HOMES ...................... 252

傢俱公司
FURNITURE STORES .................... 255

毛皮公司
FURS BUSINESS ....................... 257

**G**

藝廊・畫框
GALLERIES & FRAMES .................. 258

衣廠
GARMENT FACTORY

阿倫街
· ALLEN ............................ 259

百事達街 / 包厘
· BAXTER / BOWERY ................... 259

百老匯
· BROADWAY .......................... 259

布隆街
· BROOME ........................... 261

堅尼路街
· CANAL ............................ 261

中央街
· CENTRE ........................... 261

企士地街 / 高羅士比街
· CHRYSTIE / CROSBY ................. 263

地威臣街
· DIVISION ......................... 264

東百老匯街
· EAST BROADWAY .................... 264

愛律治街 / 伊利沙白街
· ELDRIDGE / ELIZABETH ............. 265

格蘭街
· GRAND ............................ 266

亨利街 / 豪華街
· HENRY / HOWARD ................... 267

拉菲遠街
· LAFAYETTE ........................ 267

里斯本街 / 立勞街
· LISPENARD / LUDLOW ............... 269

門羅街 / 勿街
· MONROE / MOTT .................... 269

歷比梨街 / 柯察街
· MULBERRY / ORCHARD ............... 270

華客街 / 乌士遠街
· WALKER / WOODSTER ................ 272

皇后區
· QUEENS ........................... 272

布碌崙區
· BROOKLYN ......................... 272

煤氣公司
GAS COMPANY ........................ 272

汽油站
GAS STATIONS ....................... 272

禮品店
GIFT SHOPS ......................... 272

玻璃和鏡子公司
GLASS & MIRROR SHOPS ............... 272

唐人街政府單位
GOVERNMENT AGENCY (CHINATOWN) ........ 273

雜貨店
GROCERIES .......................... 273

**H**

手袋
HANDBAGS ........................... 274

五金行
HARDWARE STORES .................... 274

健身俱樂部
HEALTH CLUBS ....................... 279

中藥行
HERBS STORE & WHOLESALERS .......... 279

房屋檢測
HOME INSPECTIONS ................... 282

# 522

醫院
HOSPITALS ............................ 282
酒店
HOTELS .............................. 284

## I

冰其林店
ICE CREAM STORES .................... 284
保險公司／經栢
INSURANCE COMPANY / AGENCIES ........ 285
傳譯・翻譯服務
INTERPRETERS & TRANSLATION SER. ..... 294
鐵門窗工程
IRON GATES & WINDOWS WORK ........... 294

## J

珠寶行
JEWELERS ............................ 296

## K

配匙店
KEYS & LOCK STORES .................. 301
毛衣廠
KNITTING FACTORY ................... 301

## L

化驗中心
LABORATORY .......................... 301
語言學習中心
LANGUAGE LEARNING CENTER ............ 301
洗衣機器材
LAUNDER EQUIPMENT ................... 303
乾洗衣店
LAUNDRY & DRY CLEAN SERVICES ........ 303
公共圖書館
LIBRARIES ........................... 304
燈飾公司
LIGHTING SUPPLIES ................... 304
酒莊
LIQUOR STORES ....................... 305
木材行
LUMBER YARDS ........................ 306

## M

百貨商場
MALLS ............................... 308

郵箱／郵購郵包服務
MAILING SERVICES .................... 308
超級市場
MARKET / SUPERMARKETS ............... 308
國術
MARTIAL ARTS ........................ 308
功夫道具供應
MARTIAL ARTS SUPPLIES ............... 309
婚姻介紹所
MATCHMAKER SERVICES ................. 311
肉店：零售／批發
MEAT RETAIL / WHOLESALERS ........... 312
醫生
MEDICAL DOCTORS (PHYSICANS)
敏感科
. ALLERGISTS ........................ 311
心臟科
. CARDIOLOGY ........................ 312
脊椎神經
. CHIROPRACTIC ...................... 312
皮膚科
. DERMATOLOGY ....................... 312
全科
. GENERAL PRACTICE .................. 312
內科
. INTERNAL MEDICINE ................. 313
神經科
. NEUROLOGY ......................... 315
婦產科
. OBSTETRICS & GYNECOLOGY ........... 315
眼科
. OPHTHALMOLOGY ..................... 318
復健科
. ORTHOPEDICS ....................... 319
耳鼻喉科
. OTORHINOLARYNGOLOGY ............... 319
小兒科
. PEDIATRICS ........................ 320
整形外科
. PLASTIC SURGERY ................... 321
腳科
. PODIATRY .......................... 321
心理科
. PSYCHIATRISTS ..................... 322
X光科
. RADIOLOGY ......................... 322
風濕關節科
. RHEUMATOLOGY ...................... 322
言語醫療科
. SPEECH PATHOLOGIST ................ 322
外科
. SURGERY ........................... 323
泌尿外科
. URINARY ........................... 323
醫療器材用品公司
MEDICAL SURGICAL SUPPLIES ........... 324

模特兒代理
MODELING AGENCY ........................ 324
模型店
MODEL SHOPS ........................... 324
搬運服務公司
MOVING COMPANY ........................ 324
博物館
MUSEUM ................................ 325
樂器 鋼琴
MUSICAL INSTRUMENT (PIANO) ........... 325

**N**

新聞媒介
NEWS MEDIA ............................ 326
夜巴書
NIGHT CLUBS ........................... 330
麵廠
NOODLE MANUFACTURERS .................. 330
托兒所
NURSERY ............................... 332

**O**

辦公室傢俱
OFFICE FURNITURE ...................... 332
辦公室用品
OFFICE SUPPLIES & EQUIPMENT .......... 332
眼鏡公司
OPTICAL COMPANYS ...................... 335

**P**

傳呼機公司
PAGING SYSTEMS ........................ 338
油漆店
PAINT SHOPS ........................... 338
紙料供應
PAPER SUPPLIES ........................ 338
停車場
PARKING GARAGES ....................... 338
寵物店
PETS SHOPS ............................ 338
攝影器材店
PHOTO EQUIPMENT & SUPPLIES ........... 339
攝影沖洗
PHOTO LABS. ........................... 339
攝影館
PHOTO STUDIO .......................... 340
塑料工業
PLASTIC INDUSTRIES .................... 340
水管器材 修理
PLUMBING SUPPLY / SERVICES ........... 340

郵政局
POST OFFICES .......................... 3..
雞鴨商
POULTRY STORES ........................ 3..
印刷公司
PRINTING COMPANY ...................... 3..
出版社
PUBLISHING COMPANY .................... 3..

**R**

跑馬場
RACE TRACKS ........................... 3..
騎馬學校
RIDING ACADEMY ........................ 34.
地產
REAL ESTATES .......................... 345
唱片行
RECORD SHOPS .......................... 35.
錄音室
RECORDING STUDIOS ..................... 35.
餐館
RESTAURANTS
 中華料理
 . CHINESE CUISINES
 布魯克林區
 .. BROOKLYN .......................... 36.
 布朗士區
 .. BRONX ............................. 363
 長島區
 .. LONG ISLAND ...................... 36.
 曼克頓區
 .. MANHATTAN ........................ 367
 新澤西區
 .. NEW JERSEY ....................... 383
 皇后區
 .. QUEENS ........................... 385
 史坦頓島區
 .. STATEN ISLAND .................... 392
 紐約上州區
 .. UPSTATE NEW YORK ................. 392
 法國料理
 . FRENCH CUISINES ..................... 393
 意大利料理
 . ITALIAN CUISINES .................... 393
 日本料理
 . JAPANESE CUISINES ................... 393
 韓國料理
 . KOREAN CUISINES ..................... 394
 泰國料理
 . THAI CUISINES ....................... 395
 越南料理
 . VIETNAMESE CUISINES ................. 395
 西方料理
 . WESTERN CUISINES .................... 395

**524**

餐用具及廚房設備
RESTAURANT EQUIPMENT STORES ........... 396

餐館供應批發
RESTAURANT SUPPLIES .................... 399

射擊場
RIFLE & PISTOL RANGE ................... 406

屋頂·房身翻修工程
ROOFING & SIDING ...................... 406

蓋印
RUBBER STAMPS ......................... 407

## S

醬油公司
SAUCE MANUFACTURERS ................... 407

保險箱零售公司
SAFE RETAIL COMPANY ................... 408

垃圾清理服務
SANITATION SERVICES ................... 408

學校
SCHOOLS

　中文學校
. CHINESE SCHOOLS ..................... 408

　公立小學
. ELEMENTARY SCHOOLS .................. 408

　公立初中
. JUNIOR HIGH SCHOOLS ................. 409

　公立高中
. PUBLIC HIGH SCHOOLS ................. 409

職業訓練學校
CAREER TRAINING SCHOOLS .............. 411

電腦訓練學校
COMPUTER TRAINING SCHOOLS ............ 412

品運
SEA SHIPPINGS ......................... 412

海鮮批發 零售
SEAFOOD RETAIL / WHOLESALERS ......... 412

社區服務
SERVICES (COMMUNITY) ................. 416

衣車店
SEWING MACHINE STORES ................ 419

鞋店
SHOE STORES .......................... 419

招牌廣告
SIGN DESIGN / MAKERS ................. 420

皮膚保養
SKIN CARES ........................... 421

運動場
SPORT AREAS .......................... 422

運動用品店
SPORT STORES ......................... 422

郵票·紀念銀幣
STAMPS & COINS SHOPS ................. 422

股票及證券經紀
STOCK & BOND　BROKERS ................ 423

## T

企業公司
T. ENTERPRISES COMPANIES ............. 425

計程車·電召車
TAXICAB SERVICES ..................... 425

茶行
TEA COMPANIES ........................ 427

電話系統
TELEPHONE SYSTEMS .................... 427

電報傳真系統
TELEX - FAX SYSTEMS .................. 431

佛教會
TEMPLES .............................. 431

戲院
THEATERS ............................. 433

線公司
THREAD SUPPLIES ...................... 432

瓷磚供應
TILE SUPPLIERS CO. ................... 432

兒童玩具店
TOYS STORES .......................... 434

貿易公司
TRADING COMPANIES .................... 434

公共運輸
TRANSPORTATION ....................... 439

貨櫃運輸公司
TRAN. CONT. CARRIER .................. 440

旅行社
TRAVEL AGENCIES ...................... 440

植字·打字
TYPESETTING & TYPING ................. 447

## U

大學
UNIVERSITY ........................... 448

## V

影視製作中心
VIDEO MOVIE PRODUCTION CENTER ........ 449

錄影帶出租公司
VIDEO RENTAL STORES .................. 449

## W

糊紙供應
WALL PAPER SUPPLIERS ................. 453

錶銀行
WATCH STORES ......................... 453

批發公司
WHOLESALERS .......................... 453