**Jimmie JONES, III, Plaintiff–Appellant,**

v.

**NORTHCOAST BEHAVIORAL HEALTHCARE SYSTEM, Defendant–Appellee.**

**No. 02–4379.**

United States Court of Appeals, Sixth Circuit.

Dec. 12, 2003.

Brian J. Williams, Akron, OH, for Plaintiff-Appellant.

Amy C. Tait, Robert L. Griffin, Asst. Attorney Gen., Columbus, OH, for Defendant-Appellee.

Before COLE and CLAY, Circuit Judges; and QUIST, District Judge.*

*ORDER*

Jimmie Jones, III, an Ohio resident represented by counsel, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 2000e (Title VII); 42 U.S.C. § 1981; Ohio Civil Rights Act, Ohio Rev.Code §§ 4112.01–4112.99; and the state tort of negligent infliction of emotional distress. The parties have waived oral argument

---

* The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary, declaratory, and injunctive relief, Jones sued Northcoast Behavioral Healthcare System contending that he was improperly terminated from his job. Northcoast moved for summary judgment. In his reply, Jones's counsel failed to provide any evidence to the court establishing a genuine issue of fact or how Jones even had established a prima facie case of discrimination. Therefore, the district court granted summary judgment to Northcoast.

On appeal, Jones argues that the district court should not have granted summary judgment to Northcoast; that he established a prima facie case of discrimination; that he provided an evidentiary predicate of pretext on race discrimination to overcome summary judgment; and that the trial court should have allowed him to submit his summary judgment opposition memorandum.

The district court's judgment is reviewed de novo. *See Smith v. Ameritech,* 129 F.3d 857, 863 (6th Cir.1997).

Northcoast was entitled to summary judgment as a matter of law. Summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56. The moving party has the initial burden of showing the absence of a genuine issue of material fact. *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1477 (6th Cir.1989). Once the moving party satisfies its burden, the burden shifts to the non-moving party to set forth specific facts showing an issue for trial. *Matsushita Elec. Indus. Co. v.*

*Zenith Radio Corp.,* 475 U.S. 574, 585–88, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

As the district court noted, Jones failed to submit any evidence to support his allegations. His simple three sentence response fails to provide support for any of his claims. As Jones failed to meet his burden of establishing a genuine issue of fact, this reason alone is sufficient to grant summary judgment for Northcoast. *Id.*

■ Further, to establish a prima facie case of discrimination, a plaintiff must show that he is a member of a protected group, that he was subject to an adverse employment decision, that he was qualified for the position, and that he was replaced by someone outside the protected class. *Kline v. Tenn. Valley Auth.,* 128 F.3d 337, 349 (6th Cir.1997). In disparate treatment cases, the fourth element may be replaced with a requirement that the plaintiff show that he was treated differently from similarly situated individuals. *Mitchell v. Toledo Hosp.,* 964 F.2d 577, 582–83 (6th Cir. 1992). The undisputed evidence simply does not establish that Jones was treated differently from any other employee. As Jones failed to establish a prima facie case of discrimination, summary judgment was appropriately granted to Northcoast.

■ Jones contends that the district court erred in prohibiting him from filing a supplement to his response. The record establishes that Jones filed his response to the motion for summary judgment on September 20, 2002. Northcoast then filed its reply brief on September 25, 2002. After the reply brief was filed, Jones, without leave of the district court, filed a supplemental memorandum on September 26, 2002, and a supplemental memorandum to the supplemental memorandum on September 27, 2002. Jones's supplemental documents were untimely and the district court ordered them struck. Jones feels that it was unfair for the district court to

strike the responses as Jones's counsel is a solo practitioner who "had several other simultaneous deadlines and overall press of business." Jones's attorney argues "[t]o cavalierly deny the docketing of the Supplemental Opposition Memorandum [sic] based upon nothing more than Plaintiff being late qualifies as an abuse of discretion." Matters of docket control and discovery are within the sound discretion of the district court. The court of appeals will not interfere with the trial court's control of its docket except upon the clear showing that the procedures have resulted in actual and substantial prejudice to the complaining litigant. *In re Air Crash Disaster,* 86 F.3d 498, 516 (6th Cir.1996).

Contrary to Jones's argument, the district court's decision was not "cavalier." Jones had a deadline to submit a response. Jones filed a response and Northcoast took the time to file a reply. The case was ready for a decision. Jones had no authority to file supplemental briefings. The district court's decision to strike the supplemental memoranda was not an abuse of discretion.

Finally, Jones fails to address his § 1981 and supplemental state law claims. These issues are therefore deemed abandoned on appeal. *Boyd v. Ford Motor Co.,* 948 F.2d 283, 284 (6th Cir.1991).

Accordingly, we affirm the district court's judgment.