RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 06a0358p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────────

ROSS, BROVINS & OEHMKE, P.C., doing business as
LawMode,

*Plaintiff-Appellant,*

No. 05-1513

*v.*

LEXIS NEXIS GROUP, a Division of Reed Elsevier
Group, PLC, and Owner of Matthew Bender and
Company, Inc.,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 03-74474—Nancy G. Edmunds, District Judge.

Argued: April 25, 2006

Decided and Filed: September 15, 2006

Before: SUHRHEINRICH, GILMAN, and ROGERS, Circuit Judges.

─────────────────

## COUNSEL

**ARGUED:** Thomas H. Oehmke, ROSS, BROVINS & OEHMKE, Northport, Michigan, for
Appellant. Charles S. Sims, PROSKAUER ROSE, New York, New York, for Appellee.
**ON BRIEF:** Thomas H. Oehmke, ROSS, BROVINS & OEHMKE, Northport, Michigan, for
Appellant. Charles S. Sims, Frank Scibilia, PROSKAUER ROSE, New York, New York, for
Appellee.

─────────────────

## OPINION

─────────────────

ROGERS, Circuit Judge. This is a copyright dispute regarding software for filling out legal
forms. LawMode compiled and organized a number of Michigan legal forms and, using a Lexis-
owned program, created templates for filling out the forms. After marketing LawMode's product
for five years, Lexis terminated its contract with LawMode and proceeded to compile, create, and
market its own set of Michigan form templates. LawMode sued Lexis for copyright violation and
contract breach. We affirm the district court's judgment dismissing LawMode's copyright claims
against Lexis. First, while LawMode has a valid copyright in both the selection of forms in its
compilation and the organization of those forms, the copyrighted work is not substantially similar

1

to the allegedly infringing Lexis product. Second, LawMode's selection and placement of input items for its form templates involves too little creativity to warrant copyright protection, and Lexis consequently did not commit copyright infringement in this regard. However, we reverse the district court's dismissal of LawMode's breach-of-contract claim pursuant to a motion for judgment on the pleadings because LawMode stated a claim for breach of contract.

## I. Background

Doing business as LawMode, the firm of Ross, Brovins & Oehmke, P.C., entered an agreement with Lexis to create and market a system of automated Michigan legal forms. LawMode entered a contract with Lexis in 1997, later modified in 1999, which required LawMode to create various templates for filling in the required information for selected Michigan legal forms. LawMode also organized those templates into a user-friendly software program. This program allowed users to keyboard case-specific data into a series of on-screen dialog boxes. Users save the information entered into the dialog boxes into a data file, and the program automatically inserts the information into corresponding data fields on signature-ready legal forms. Most of the actual forms were forms approved by the Michigan State Court Administrative Office (SCAO), and therefore in the public domain.

The advantage of LawMode's templates was that case-specific information from one form could be easily transferred to another form as the case progressed. This eliminated the need for re-typing. The product contained 576 individual forms. While most of the forms were SCAO forms, LawMode independently created some of its own forms. This case pertains only to the automation of the SCAO forms because LawMode does not allege that Lexis copied any of its independently created forms.

Under the 1999 agreement, LawMode promised to supply and update "form templates" using Lexis's proprietary software called HotDocs Pro. These templates were defined in the 1999 agreement as "Content." Lexis would then publish those templates in the finished product, which was a CD or software available for download over the internet. The 1999 agreement defined the packaged CD or download as "Product." During 1997-2002, Lexis paid LawMode $77,273 in royalties for sales of Product.

Pursuant to the terms of the 1999 agreement, Lexis terminated its contract with LawMode in February of 2002. After the contract was terminated, LawMode was to retain all ownership of "Content," defined as "HotDocs templates created by [LawMode]." On June 17, 2003, LawMode registered a copyright for its templates. Starting in July 2002, Lexis published its own version of the Product called LexisNexis Automated SCAO Forms (the "2002 Lexis Product"). The 2002 Lexis Product contained 406 SCAO forms. Three hundred fifty of the forms that LawMode had selected also appear in Lexis's work.

Lexis claims that the templates contained in the 2002 Lexis Product were created independently of LawMode. LawMode argues that Lexis copied their templates, defined as "Content" in the 1999 agreement. It is undisputed that Lexis had access to Content, and LawMode argues that an internal memorandum encouraged Lexis programmers to look at the LawMode Content when creating templates in the 2002 Lexis Product. The memo said, "Ignore any and all markup and/or automation from former Michigan projects [i.e., LawMode's Content] unless you are really confused about something." LawMode also submitted a PowerPoint-style presentation that details similarities between LawMode's templates and those in the 2002 Lexis Product. LawMode argues that the appearance of the LawMode templates and the appearance of the templates in the Lexis Product are nearly identical.

LawMode filed a seven-count complaint against Lexis, alleging claims for copyright infringement, state-law claims for breach of contract, and various state-law claims alleging business torts. After filing the complaint, LawMode voluntarily dismissed its claims for unjust enrichment, unfair competition, breach of the duty of good faith and fair dealing, and most of its breach-of-contract claims. The remaining claims included a copyright claim and a breach-of-contract claim. LawMode alleges that Lexis infringed a compilation copyright (i.e., a copyright in the organization and selection of forms) and a copyright in the automating of the forms (i.e., creative choices in how the screen looks and how the variables are inter-related). The contract claim was for an alleged breach of Lexis's promise not to misappropriate LawMode's Content and not to continue to distribute Content after the termination of the agreement.

After discovery, Lexis moved for summary judgment. Lexis argued that the templates were not protected by copyright, and, in the alternative, that Lexis did not copy them. In addition, Lexis argued that the contract claim did not meet the jurisdictional amount-in-controversy requirement, that the claim was preempted by copyright law, and that the complaint did not state that Lexis breached the agreement. In a December 9, 2004, order, the district court granted summary judgment for Lexis on the copyright claim but denied summary judgment on the contract claim. The district court reasoned that LawMode's compilation of forms was copyrightable but that Lexis did not copy the compilation. The district court held that the organization of the forms, the look of the screen, and the interrelationship of the variables were not copyrightable. The district court denied all three of Lexis's grounds for dismissing the contract claims. First, the district court held that the contract claim exceeded the jurisdictional minimum and that there was supplemental jurisdiction over it. Second, the district court held that the state-law contract claim was not preempted by the Copyright Act because the existence of a contract is an additional element not required for a copyright claim. Third, the district court found that the contract supported LawMode's assertion that Lexis breached the contract, as stated in paragraph 48.b of the complaint, by "misappropriat[ing] LawMode's Content." Thus, one contract claim survived summary judgment.

Lexis then filed a motion for reconsideration of the order denying summary judgment on the contract claim in paragraph 48.b of the complaint, arguing that the district court did not specify any contractual promise that would support a finding of breach of contract. On December 22, 2004, the district court denied the motion for reconsideration on the ground that a party is not permitted to raise, in a motion for reconsideration, new legal arguments that could have been raised in the initial summary judgment motion. Lexis does not challenge that order on appeal.

Lexis then made the same argument in a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). The district court applied the standard for judgment on the pleadings, which is the same as the standard for a motion under Rule 12(b)(6). The district court reasoned that, on its face, the agreement does not contain a promise that Lexis will not misappropriate LawMode's templates. Thus, the district court dismissed LawMode's remaining contract claim and dismissed the case.

LawMode filed a timely notice of appeal.

## II. Copyright

LawMode's templates are a compilation protected by copyright, but, even taking the facts in the light most favorable to LawMode, Lexis did not infringe that copyright. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (describing the summary judgment standard). A compilation is a "work formed by the collection and assembling of preexisting materials . . . that are selected, coordinated or arranged in such a way that the resulting work as a whole constitutes an original work of authorship." 17 U.S.C. § 101. The selection and categorization of the forms are protectable elements of the work. Although the collection and

categorization of the forms are protected by copyright, the district court properly dismissed those claims because Lexis's product is not substantially similar to LawMode's collection and categorization. LawMode also claims that the computer programming that created the interrelation of the variables in the templates is protected. On the facts of this case, however, these items are not copyrightable because they exhibit too little creativity.

A.  *LawMode's selection of forms*

While LawMode's selection of forms is sufficiently creative to warrant copyright protection, LawMode's and Lexis's selections are not similar enough to constitute copying. The two elements for copyright infringement are: (1) ownership of a valid copyright, and (2) copying of that expression.  *See Stromback v. New Line Cinema*, 384 F.3d 283, 293 (6th Cir. 2004).  The first element is met,[1] but the second is not.

Lexis did not copy any "protectable" elements of LawMode's compilation.  *Id. at 294* (holding that the substantial similarity inquiry requires the court to look at protectable elements of the plaintiff's work and determine whether the allegedly infringing work is "substantially similar" to the protectable elements).  This conclusion is compelled by the differences between LawMode's and Lexis's compilations.  The differences show that Lexis used sufficient judgment and creativity to compel a reasonable fact finder to conclude that one compilation is not a copy of the other.  Our conclusion in this regard is supported by two related  considerations.  First, Lexis did not include a sufficiently large percentage of the same forms to permit a finding of copying.  Second, nonquantitative aspects of the two compilations support the conclusion that Lexis created a new work rather than a copy of LawMode's.

The percentage of forms in LawMode's compilation that may be found in Lexis's compilation is not particularly high.  LawMode asserts that its compilation contains 576 forms and Lexis's 2002 compilation contains 406 forms.  According to LawMode, 350 of the forms in the Lexis compilation also appeared in LawMode's compilation.  Thus, Lexis's compilation included 61%, or 350 out of 576, of LawMode's form selection.[2]

In *Feist* the Supreme Court indicated that "notwithstanding a valid copyright, a subsequent compiler remains free to use the facts contained in an author's publication to aid in preparing a competing work, so long as the competing work does not feature *the same selection* and arrangement."  *Feist*, 499 U.S. at 349 (emphasis added).  Subsequent cases have interpreted *Feist* to mean that compilation copyright protection is very limited and usually requires substantial verbatim copying.  *Key Pub'ns v. Chinatown Today*, 945 F.2d 509, 514 (2d Cir. 1991).  Sixty-one percent can hardly be considered the "same" selection. *See, e.g.*, *Schoolhouse Inc. v. Anderson*, 275

---

[1] LawMode's expression in selecting which forms to include is protected by copyright.  LawMode's collection of 576 forms from a universe of over 700 forms is protected by copyright even though the forms themselves are not copyrightable individually.  *See Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 348 (1991).  This is because LawMode's decision of which forms to include shows that modicum of creativity necessary to turn mere selection into copyrightable expression.  *See id.* at 345.

[2] It is true that 350 divided by 406 yields a higher percentage, as the district court noted.  *Ross, Brovins & Oehmke, P.C. v. Lexis Nexis*, 348 F. Supp. 2d. 845, 858 (E.D. Mich. 2004).  But as the Second Circuit reasoned in *Key Publications*, the percentage of the plaintiff's compilation used by the defendant is typically the more relevant number. In *Key Publications v. Chinatown Today*, 945 F.2d 509, 515 (2d Cir. 1991), the Second Circuit considered whether the defendant's Chinese American-Life Guide, a yellow pages of interest to the Chinese community, copied the selection of businesses included within the plaintiff's competing phone book.  First, the *Key Publications* court considered that 75% of the listings in defendant's telephone directory were taken from plaintiff's directory.  *Id.*  The 75% figure was not the relevant figure.  *Id.*  The better figure was that only 17% of plaintiff's listings, or 1500 of 9000 listings, were copied.  *Id.*  As the *Key Publications* court noted, the significance of the copied material to the plaintiff's work, rather than its significance to the defendant's work, is important in evaluating substantial similarity.

F.3d 726, 729-30 (8th Cir. 2002) (holding that a ratio of seventy-four percent of the same items was not substantial similarity in light of *Feist*).

To be sure, in *Eckes v. Card Prices Update*, 736 F.2d 859, 863-64 (2d Cir. 1984), the Second Circuit found that a directory that copied 5,000 out of 18,000 (28%) of plaintiff's baseball card listings constituted copyright infringement. But in that case the defendant copied all of plaintiff's listings of "premium" cards. Thus, the relevant percentage was more like 100%. This is not a case where Lexis replicated a discrete portion of LawMode's work in its entirety.

The *Eckes* case shows that careful attention must be paid to the nature of the creative expression that has allegedly been copied, and that sheer numbers out of context can be misleading. In this case, the nature of the material used by Lexis shows that there was no copying as a matter of law. The two works are so dissimilar in expression that reasonable minds could not differ as to the absence of substantial similarity. *See Stromback,* 384 F.3d at 294-95; *see also Schoolhouse*, 275 F.3d at 729 (basing its decision on the response that a reasonable person would have toward the two works). It is undisputed that Lexis made the decision to add at least 35 forms to its database. It is also undisputed that Lexis chose not to include various forms used by LawMode in its compilation. The professional judgment used in selecting forms that gave LawMode copyright protection also gives Lexis protection from LawMode's allegation of infringement.

## B. *LawMode's arrangement of forms*

Lexis's arrangement and classification of the forms are also not sufficiently similar to LawMode's to constitute a copyright violation, even assuming that there is sufficient originality to warrant copyright protection.[3]

Because Lexis's classification system is not substantially similar to LawMode's classification system, it is not necessary to rely on Lexis's argument that LawMode's arrangement of forms is not copyrightable. Again, LawMode must provide sufficient evidence to show substantial similarity between its arrangement of the forms and Lexis's arrangement. *See Feist*, 499 U.S. at 361. While there are some similarities, they result from both parties' copying the public Michigan forms index. Lexis did not copy LawMode's original classification or arrangement.

Many of LawMode's table of contents headings are not original. The website with all Michigan-approved forms already groups forms under headings like "alternative dispute resolution," "corporate" or "landlord tenant." LawMode cannot claim creative expression when it used the same obvious classification headings as the Michigan public-domain classification because those classifications are not original. *See Kregos v. Associated Press*, 937 F.2d 700, 709 (2d Cir. 1991) (holding that arrangements following conventions that have been used before are not copyrightable).

---

[3]The combination of all the choices made by LawMode (obvious and nonobvious) appears to establish the minimal level of creativity and originality needed for copyright protection. *See Key Pub'ns*, 945 F.2d at 513-15. Unlike the yellow pages in *Feist*, LawMode exhibited the minimal degree of creativity, originality, and professional judgment in determining how to categorize the forms to warrant copyright protection.

LawMode's classification system is like the copyrightable classification system in *Key Publications*, in which the Second Circuit held a yellow pages of businesses of interest to the Chinese community to be copyrightable, because the businesses were classified by the author using some categories created by the author, including "Bean Curd & Bean Sprout Shops" in addition to other obvious choices like "Accountants." *Id.* Similarly, LawMode arranged the forms into a table of contents with such entries as "civil litigation," "debt collection" and "concealed weapon license." Much like the directory in *Key Publications*, LawMode's index displayed some creativity and judgment in deciding which classifications were useful to the Michigan practitioner. For example, LawMode uses the category "concealed weapon license." A concealed-weapon-license category does not appear on the Michigan index of forms. It appears that LawMode created the category. Thus, LawMode's classification system appears to display the minimum level of creativity to warrant copyright protection.

The original classification headings are not copied and, as a whole, Lexis's and LawMode's classification systems are not substantially similar. LawMode's original work can be seen in classifications like "concealed weapon license" or "land contract forfeiture." Those original classifications are not used by the public-domain Michigan classification. Lexis did not copy the nonobvious and nonpublic-use classifications in its table of contents. Thus, there has been no copying of LawMode's creative expression. This conclusion is supported by the Second Circuit's reasoning in *Key Publications*, 945 F.2d at 516, where the Second Circuit held that the arrangements of two directories were not substantially similar because a consumer faced with the two directories would instantly realize that they were different. Just as in *Key Publications*, a reasonable fact finder is compelled to conclude that LawMode's and Lexis's classification headings are not substantially similar.

In sum, the district court properly granted summary judgment on the compilation-copyright claim because there was not sufficient evidence of copying of LawMode's protectable expression.

## C. *LawMode's automation of the forms*

LawMode's automation is not sufficiently original to warrant copyright protection. By "automation" we here mean the selection and placement of input fields for the form templates such that the desired information appears in the proper places on the SCAO forms. This copyright claim has two parts. First, LawMode claims that Lexis copied the appearance of the dialog boxes where a user enters information. LawMode does not have a valid copyright in the appearance of the dialog boxes because LawMode used the default settings on HotDocs, the tool used to create the templates. Choosing the default setting on an underlying authoring tool is not sufficiently creative to warrant copyright protection. Second, LawMode claims that Lexis copied the "automation" by copying the interrelationship of variables in the program. LawMode's automation is not sufficiently creative to support a copyright because the choices that can be made to create templates to automate the SCAO forms are very limited. In fact, the choices are limited by the express dictates of the forms themselves. Thus, there is not enough originality in the "automation" to support a copyright.

### 1. *The appearance of dialog boxes*

Copyright law does not afford LawMode protection for the appearance of the dialog boxes because the appearance is not sufficiently original. The appearance is largely a result of the default settings on HotDocs, the template's authoring tool.

LawMode's and Lexis's dialog boxes look very similar, such that a user who looked at LawMode's and Lexis's dialog boxes would have a hard time telling the two products apart. Both of the dialog boxes are rectangular and have a blue-shaded header. The area in between text boxes is gray and the fonts are the same. In the table of contents, folders are displayed next to an icon that looks like a manila legal folder. The icon that lets a user close a dialog box is a large red X and the help icon is a blue question mark. These similarities result from both Lexis's and LawMode's using HotDocs as the authoring tool.

The appearance of the dialog boxes is not original because it is a function of HotDocs' default settings. It is undisputed that the appearance of the dialog boxes is a function of the default settings on HotDocs. LawMode, however, points out that Lexis could have changed the appearance of the dialog boxes by not opting for the default settings. LawMode argues that Lexis chose the default settings, and thus Lexis copied LawMode's "creative" choice by also using HotDocs' default settings in its product.

LawMode's choice to use the default settings is not subject to copyright protection. Some programming choices are either too trivial to support a finding of originality or are so constrained by practical reality as to lack originality. *See generally Lexmark Int'l Inc. v. Static Control*

*Components, Inc.*, 387 F.3d 522, 540-41 (6th Cir. 2004). LawMode's "choice" to use HotDocs' default settings was too trivial to be original because using the default setting amounted to no more than adopting the choices made by the developer of HotDocs. Copyright law extends protection to works that are "independently created by the author (as opposed to copied from other works)." *See Feist*, 499 U.S. 345-46. LawMode's choice to use the default settings is more in the nature of copying from other works than independent creation. In the instant case, as Lexis's software developer stated in her affidavit, HotDocs' default settings are the most efficient choice. LawMode's choice to use the default settings is not copyrightable because the decision to copy another person's creative choice does not create an original work. As the district court noted,

> the fact that LawMode chose [HotDocs'] "default" settings is simply the result of [HotDocs'] preselecting the most convenient and efficient choices for the automator. LawMode's choosing to use [HotDocs'] default settings, as opposed to selecting other less efficient options for automating the forms, also does not exhibit the amount of creativity necessary to support a copyright.

*Ross, Brovins & Oehmke, P.C. v. Lexis Nexis*, 348 F. Supp. 2d. 845, 861 (E.D. Mich. 2004).

*2. The interactive aspect of the computer program*

Copyright law also does not afford protection to LawMode's interrelation of variables in the templates, because the interrelation of variables is too basic and is compelled by the express terms of the underlying forms. A software designer might have copyrightable creative expression in the way that variables interact, particularly where the interrelationship of variables communicates information to the user that is not contained within the express terms of the form. LawMode's programing choices, however, communicate no information and thus are not copyrightable.

The variables in LawMode's templates are interrelated. By "interrelated" we mean that the data entered on one template will affect the choices available on future templates. For example, if a user indicates that the user will be filing in a district court, the drop down box containing specific courts is activated so that the user can select the specific court. Correspondingly, the fields related to circuit courts are deactivated such that the user is not prompted to enter a specific circuit court. This makes sense because a case cannot be simultaneously filed both in a district court and in a circuit court.

The interrelation of variables is dictated by the express terms of the forms and is not creative expression. By the express terms of the form, a case can be filed only in one court. Thus, the programming choice to permit the user the option of choosing a circuit court or a district court does not convey any information that is not expressly dictated by the terms of the forms. There is nothing original in translating the express terms of a form into HotDocs. *See Feist*, 499 U.S. 345-46. LawMode's programming choices that merely follow the instructions on the underlying form are not creative expression protected by copyright.

Though LawMode refers to *Bucklew v. Hawkins, Ash, Baptie & Co.*, 329 F.3d 923 (7th Cir. 2003), in support of its argument that LawMode's automation is copyrightable, *Bucklew* actually favors Lexis because it illustrates that interrelationship of variables dictated by the express terms of the forms is not creative expression. Bucklew developed a software program using a standard spreadsheet application (e.g., Excel) that filled in Housing and Urban Development (HUD) forms. *Id.* at 925-26. The HUD forms required some arithmetic manipulations of salary data and other expenditures. *Id.* at 926. Bucklew's program automatically performed required arithmetic after the user entered the raw data. *Id.* The Seventh Circuit held that three computerized forms were not copyrightable. *Id.* at 930-31. Though there was limited discussion of the role of interrelated variables in the court's decision, the Seventh Circuit reversed despite the fact that Bucklew's forms had interrelated variables. In many respects Bucklew's forms were very similar to LawMode's

forms.  Both were computerized templates that filled in preexisting forms.  Both had interrelated variables where an entry in one section would affect the result in another section.  Yet, the interactive variables did not save Bucklew's forms from a finding of uncopyrightability as a matter of law.  In *Bucklew*, like this case, the interrelationship of variables was dictated by the express terms of the forms.  Bucklew could not copyright the fact that his program added the figures as required by the HUD forms.  *Id.* at 928.  Similarly, LawMode cannot copyright the fact that its program interrelated variables to permit a user to pick only one court because the underlying form only permits a user to pick one court.

Cases where interrelation of variables did support a copyright are distinguishable from this case because in those cases the interrelated variables communicated information to the user not contained within the express terms of a form.  For example, in *Manufacturers Technologies Inc. v. Cams Inc.*, a computerized form for estimating repair costs was held copyrightable where the form communicated information to the user about how parts needed to be identified, and the identification of parts affected the derivation of an estimate.  706 F. Supp. 984, 997 (D. Conn. 1989).  That the forms in *Manufacturers Technologies* communicated information not contained on the face of the form to the user is the key distinction between copyrightable computerized forms and the uncopyrightable forms in this case.  LawMode's programming is not copyrightable because LawMode's programming communicated no information not expressly contained on the face of the underlying forms.

LawMode's "automation" is not copyrightable because it merely translates the express terms of the underlying forms and does not convey new information.

### III.  Contract claims dismissed under Rule 12(c)

Because the agreement contained a promise not to sell LawMode's Content after the agreement was terminated, LawMode can prove a set of facts (i.e., that Lexis continued to sell LawMode's Content) that would entitle LawMode to relief.  Thus, the dismissal of the remaining contract claim under Federal Rule of Civil Procedure 12(c) was error.

Unlike summary judgment, which requires evidence that creates a material issue of fact, a motion under 12(c) assumes that the factual allegations in the complaint are true and asks whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief.  *See Zeigler v. IBP Hog Mkt.*, 249 F.3d 509, 511-12 (6th Cir. 2001).  The district court, within its discretion, refused to consider the Rule 12(c) motion as a second motion for summary judgment.  Lexis does not appeal this decision.  In its first motion for summary judgment, Lexis failed to argue that it did not misappropriate LawMode's content.  This is to say that Lexis's argument that it did not misappropriate LawMode's content was never briefed at the summary judgment stage.  Thus, we apply the Rule 12(c) standard, which is the same as the standard under Rule 12(b)(6).  *See Zeigler*, 249 F.3d at 511-12.  For purposes of the 12(c) motion, all well-pleaded material allegations of the pleadings must be taken as true and the motion is granted only when no material issue of fact exists and the moving party is entitled to judgment as a matter of law.  *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991).

In its complaint, LawMode alleges that Lexis promised not to misappropriate LawMode's "Content" by converting some or all of it to Lexis's own use.  LawMode also alleges that Lexis promised not to distribute the Content after the termination of the agreement.  In LawMode's Complaint, paragraph 48.b, LawMode alleges that Lexis breached that promise by misappropriating the templates and continuing to sell LawMode's Content in the 2002 Lexis Product.  Stated differently, LawMode alleges that Lexis terminated the contract but sold the 2002 Product that contained LawMode's templates.  Lexis argued that the contract contained no such promises and, if it did, the promises were not breached because the 2002 Lexis work was created independently.

The 1997 contract, as modified in 1999, contains a promise that Lexis will not continue to sell LawMode's content after termination of the agreement. The contract stated, "Upon termination of this Agreement for any reason, [Lexis] shall cease marketing and distribution of . . . Content which has been prepared by [Lexis] for distribution." As noted above, "Content" means "HotDocs templates created by [LawMode]." In sum, even after the contract had been terminated Lexis agreed not to continue selling the HotDocs templates that LawMode created and Lexis packaged for sale.

It was not proper to dismiss the remaining contract claim under Rule 12(c) because LawMode pled a breach of the contract. LawMode alleges in its complaint that Lexis's 2002 Product was not created by Lexis, but rather that Lexis stole LawMode's templates, defined as "Content." The complaint states that Lexis "misappropriated LawMode's content" in violation of the 1997 contract. The district court reasoned that "The Lexis/Nexis Work being sold by Lexis/Nexis after termination of the Agreement is not 'Content' as defined in that Agreement because it was created by Lexis/Nexis." It is true that independently created HotDocs templates are not "Content" under the 1997 or 1999 agreement because LawMode did not create or deliver the templates to Lexis, but the fact that Lexis independently created templates does not necessarily mean there were no LawMode templates sold by Lexis. While the matter may be appropriate for summary judgment, for 12(c) purposes this court must assume LawMode's factual allegations are true and that Lexis was selling work belonging to LawMode. LawMode states a claim for breach of contract.[4]

LawMode alleges in its complaint that Lexis misappropriated its forms and that Lexis was selling forms belonging to LawMode. Assuming Lexis actually did copy forms that LawMode delivered, LawMode could prove a set of facts in support of its contract claim. The contract claim therefore should not have been dismissed under Rule 12(c) because LawMode stated a claim for breach of contract.

## IV. The computer demonstration and reply brief

LawMode's two final arguments pertaining to the district court's discretionary decision to strike a reply brief and not to permit a computer demonstration are without merit because the district court did not abuse its discretion. The district court reasonably concluded that a computer demonstration was not necessary considering the pleadings, affidavits, and screen shots in evidence. LawMode did not seek leave to file a supplemental/reply brief. The district court does not have to accept every filing submitted by a party. *Jones v. Northcoast Behavioral Healthcare Sys.*, 84 Fed. App. 597, 599 (6th Cir. Dec. 12, 2003). There was no prejudice to LawMode and it was not an abuse of discretion to strike the "supplemental" brief.

---

[4] Lexis offered the following example to the district court, "If Billy and Mary agree that Billy will own the drawing of a tree that they're about to do on a piece of paper, they have not agreed that Mary cannot thereafter take her own piece of blank paper and draw another tree." We agree, but add that if Billy sues Mary alleging that Mary has taken the contractually protected drawing of a tree and is selling copies of the drawing in violation of their agreement, Billy has stated a claim for breach of contract for which relief may be granted.

**V.  Conclusion**

We AFFIRM the district court's grant of summary judgment as to plaintiff LawMode's copyright claims.  We REVERSE the March 17, 2005, order dismissing the contract claim under Federal Rule of Civil Procedure 12(c) and REMAND this case to the district court for further proceedings consistent with this opinion.