NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0121n.06

Case No. 18-1529

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| LIN ROUNTREE, | ) | **FILED** |
| | ) | Mar 14, 2019 |
| Plaintiff-Appellant, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| NATIONSTAR MORTGAGE, LLC; | ) | MICHIGAN |
| FEDERAL NATIONAL MORTGAGE | ) | |
| ASSOCIATION, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

BEFORE: BATCHELDER, SUTTON, DONALD, Circuit Judges.

**BERNICE BOUIE DONALD, Circuit Judge.** The district court ordered the parties in the underlying case to engage in mediation. Before mediation completed or a settlement was reached, the district court granted the defendants' motion to dismiss the complaint. The plaintiff now appeals, arguing only that the district court erred by dismissing the case prior to the completion of court-ordered mediation. Had the district court known that mediation was not complete, the outcome would have been different, according to the plaintiff. We disagree, as his position has no basis in the law or the facts. The district court was well within its authority to grant the pending motion to dismiss while the parties were engaged in negotiating a settlement;

moreover, the district court made clear it was aware of the status of the ongoing mediation proceedings when it granted the motion to dismiss. Accordingly, we **AFFIRM**.

## I. BACKGROUND

Plaintiff Lin Rountree filed a complaint against Defendants Nationstar Mortgage LLC and Federal National Mortgage Association on or about May 16, 2017,[1] in the Circuit Court for the County of Oakland, Michigan. Defendants removed the case to federal district court on June 15. Two months later, Plaintiff filed a motion for a temporary restraining order. The district court granted Plaintiff's request, and also ordered Defendants to answer or otherwise respond to the complaint. Defendants complied, filing a motion to dismiss the complaint on August 24.

Four days later, and after holding a hearing on the pending temporary restraining order, the district court entered an order requiring the parties to mediate. Nowhere in that order did the district court state that it would hold the briefing or a ruling on the motion to dismiss in abeyance pending resolution of mediation. To the contrary, the district court explained that it would be considering the briefing on the motion to dismiss as mediation continued:

> Defendants' motion to dismiss is currently pending, and Plaintiff's response is not due until after the current expiration of the [temporary restraining order]. The briefing will assist the Court in determining Plaintiff's likelihood to succeed on the merits. In light of the necessary briefing and the parties' seeming willingness to seek a practical and cost-efficient resolution, the Court will briefly extend the [temporary restraining order] and, in the meantime, order the parties to mediate.

Plaintiff filed his response to the motion to dismiss on September 7. Four days later— while the mediation process was still ongoing—the district court granted the motion to dismiss the complaint for failure to state a claim, and entered judgment in favor of Defendants.

---

[1]All dates refer to the year 2017 unless otherwise noted.

Plaintiff filed a timely motion for reconsideration of the order on the motion to dismiss, requesting the district court to reconsider its ruling because the parties had not completed their mediation and settlement negotiations. Plaintiff did not raise a single substantive issue with the order on the motion to dismiss; instead, according to Plaintiff, the case would have been disposed of "different[ly]" had the district court known that the mediation and settlement discussions were continuing. Plaintiff also complained that granting the motion to dismiss made it "extremely unlikely that Defendants will attempt to settle the case." The district court denied the motion for reconsideration, noting that it had "granted the motion to dismiss for the reasons stated in its opinion and with full awareness that the parties had commenced settlement and that the parties were allegedly still 'in mediation and settlement discussions with the Court-appointed Mediator.' [citing Plaintiff's briefing from the motion to dismiss]." Plaintiff filed a timely appeal.

## II. ANALYSIS

On appeal, Plaintiff's only contention is that the district court erred by granting the motion to dismiss (and denying his motion for reconsideration) while mediation and settlement discussions were ongoing. This request boils down to the district court's management of its docket. "The court of appeals will not interfere with the trial court's control of its docket except upon the clear showing that the procedures have resulted in actual and substantial prejudice to the complaining litigant." *Jones v. Northcoast Behavioral Healthcare Sys.*, 84 F. App'x 597, 599, 2003 WL 23140062 (6th Cir. 2003) (citing *In re Air Crash Disaster*, 86 F.3d 498, 516 (6th Cir. 1996)). Plaintiff has not made this showing. First, he has *never* argued that the substantive ruling on the motion to dismiss was incorrect. *See* Reply Br. at 5 (refusing to respond to Appellee's arguments on the merits of the motion to dismiss). As such, he has not demonstrated that the district court's ruling resulted in any actual or substantial prejudice. Second, Plaintiff points to no

authority demonstrating that court-ordered mediation in any way prevents the district court from ruling on a pending motion to dismiss.[2] To the extent Plaintiff argues that the district court made an error because it was not aware that mediation had not yet concluded, this contention was flatly rejected by the district court in its ruling on the motion to reconsider. Last, the district court was clear that it would be considering the motion to dismiss while mediation was ongoing, and Plaintiff made no request to stay the briefing on that motion. Plaintiff has not made the necessary showing required to find error with the district court's management of its docket.

### III. CONCLUSION

For the aforementioned reasons, we **AFFIRM** the district court.

---

[2]Indeed, across the entirety of Plaintiff's briefing before this Court, he cites only five cases, each of which concerns the merits of a motion to dismiss, not the district court's authority to manage its docket.